**Clifford REDMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50962.**

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

---

E. Warren Goss, Lubbock, for appellant.

Joe Smith, Dist. Atty., Seminole, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for sale of marihuana under the former penal code. The jury assessed punishment at seven years in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged.

The record reflects that the Sheriff of Garza County employed Martin Valenzuela, a student at a law enforcement school, to

work as an undercover agent in Garza County. The undercover agent testified that on August 11, 1973 he purchased one "lid" of marihuana from the appellant, Clifford Redman.

Appellant in his first ground of error contends that the trial court erred in not striking a hard of hearing venireman from the panel for cause.

It appears from the record of the voir dire that one of the veniremen was hard of hearing and was having difficulty with his hearing aid. The appellant sought to challenge the venireman for cause. The trial court overruled the challenge.

In order to complain of the trial court's failure to discharge an objectionable juror for cause the appellant must show that he was forced to accept an objectionable juror as a result. *Chappell v. State*, 519 S.W.2d 453 (Tex.Cr.App.1975); *Tezeno v. State*, 484 S.W.2d 374 (Tex.Cr.App.1973). This the appellant has not shown. The record reflects that the appellant did not peremptorily challenge the juror that he had objected to, but that the State did strike the juror from its list. No harm is shown.

Appellant's first ground of error is overruled.

Appellant in his second ground of error contends that the trial court erred in not finding that the appellant was entrapped as a matter of law.

Martin Valenzuela testified that he purchased a "lid" of marihuana from the appellant on August 11, 1973. He testified that he and the appellant had become friends and that he didn't think that the appellant was selling marijuana; however, at the request of the Sheriff of Garza County he attempted to make a buy from the appellant.

The appellant testified in his own defense and admitted that he had sold the marihuana to Martin Valenzuela on August 11, 1973. He further admitted that he sold some more marihuana to Valenzuela on September 10, 1973. It was the appellant's

contention that he sold the marihuana to Valenzuela only because of the agent's repeated requests and because he felt that his friendship depended on supplying Valenzuela with marihuana. Appellant testified that he had not sold marihuana on any other occasions and that he made no profit from the sales that he made to Valenzuela.

The issue of entrapment was raised by the evidence. The trial court instructed the jury on the law of entrapment. The jury resolved the conflict in the testimony against the appellant.

The appellant urges that entrapment was shown as a matter of law. We disagree.

In *Jones v. State*, 427 S.W.2d 616 (Tex.Cr. App.1968), this Court said:

"It appears to be well established that the factual issue of entrapment is a question for the jury, unless as a matter of law the accused has established beyond a reasonable doubt he was entrapped. See *Accardi v. United States* (5th Cir.) 257 F.2d 168; *Washington v. United States* (5th Cir.) 275 F.2d 687; *Demos v. United States* (5th Cir.) 205 F.2d 596; 17 Baylor Law Review 426, 430. See also *Coronado v. United States* (5th Cir.) 266 F.2d 719 (' * * * entrapment is a jury question unless evidence is so clear and convincing that the matter can be passed on by the court as a matter of law')."

In *Poe v. State*, 513 S.W.2d 545 (Tex.Cr. App.1974) this Court held that entrapment was not shown as a matter of law and explained the rule this way.

" 'It is the general rule that where the criminal intent originates in the mind of the accused, the fact that the officers furnish the opportunity for or aid the accused in the commission of a crime constitutes no defense to such a prosecution. However, if the criminal design originates in the mind of the officer and he induces a person to commit a crime which he would not otherwise have committed except for such inducement, such is entrapment and, in law, may constitute

a defense.' *Haywood v. State* [Tex.Cr. App.], 482 S.W.2d 855. See also *McKelva v. State* [Tex.Cr.App.], 453 S.W.2d 298; *Sutton v. State*, 170 Tex.Cr.R. 617, 343 S.W.2d 452."

The appellant argues, however, that in determining if entrapment is shown as a matter of law this Court must consider not only the predisposition of the accused, but must weigh also the conduct of the law enforcement agents. See, e. g. *Guerrero v. State*, 487 S.W.2d 729 (Tex.Cr.App.1972) citing *Walker v. United States*, 285 F.2d 52 (5th Cir. 1961).

In *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) the United States Supreme Court rejected the defendant's argument that the defense of entrapment rested on constitutional grounds. The Court then reviewed the defense of entrapment as it has developed in *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249 (1932) and *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). The majority opinion held that the defense of entrapment was limited. Its purpose is not to allow the courts to dismiss prosecutions because of what the court may feel is "overzealous law enforcement." The defense of entrapment is available only where the agent of the government "actually implants the criminal design in the mind of the defendant."

The evidence on the issue of entrapment was in conflict. The issue was submitted to the jury. The jury chose to reject the testimony of the appellant on the issue of entrapment. That was their prerogative. *Pope v. State*, 505 S.W.2d 556 (Tex.Cr.App. 1974); *Lombardo v. State*, 503 S.W.2d 780 (Tex.Cr.App.1974).

The appellant has simply not established that he was entrapped beyond a reasonable doubt. Appellant's second ground of error is overruled. This is a conviction under the old code and we do not reach the issue under the present statute. See and compare V.T.C.A., Penal Code, Sec. 8.06.

■ Appellant in his third ground of error contends that the trial court erred in not allowing him to impeach the testimony of Martin Valenzuela. The appellant attempted to impeach Martin Valenzuela by showing that he had a previous criminal record in the State of California. The witness admitted the conviction outside the presence of the jury.

Art. 38.29, V.A.C.C.P., provides in part:

"The fact that a . . . witness in a criminal case, is or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, or the United States, *or any other State* shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted . . . *or such person has been placed on probation and the period of probation has not expired.*" (emphasis added)

The record indicates that the witness Martin Valenzuela was arrested and charged with the offense of lewd and lascivious conduct involving a child, a felony under California law. He plead guilty to the charge of child molesting, a misdemeanor under California law. The witness was placed on two years' probation at the end of which his plea of guilty was withdrawn and the charge dismissed, as provided by California law.

The appellant argues that this Court could follow California law and allow the prior conviction to be used to impeach the witness's testimony. This we decline to do.

Art. 38.29, supra, provides by its own terms that it is applicable to convictions obtained in other States and that if the probationary period has been served the conviction may not be used to impeach the testimony of the witness.

Appellant's third ground of error is overruled.

Appellant in his fourth ground of error contends that the trial court erred in not finding that Martin Valenzuela was an accomplice witness whose testimony required corroboration.

*Carr v. State*, 495 S.W.2d 936 (Tex.Cr. App.1973) is directly in point. This Court stated:

"We hold that in the present case, since the appellant admitted the act, a charge on accomplice testimony was not required. If there are any cases where entrapment or accommodation agency is raised as a defense which may be construed to hold that, where an accused takes the stand and admits all the acts which constitute a crime, a charge on accomplice testimony is required, they are overruled."

See also *Gonzales v. State*, 505 S.W.2d 267 (Tex.Cr.App.1974).

Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error contends that the trial court "erred in submitting a faulty charge to the jury." Appellant contends that the charge did not properly define entrapment, commented on the weight of the evidence in two different paragraphs, failed to find Martin Valenzuela an accomplice witness as a matter of law, failed to instruct the jury to find each and every element of the offense charged, and failed to define all of the elements of the offense. The appellant then concludes that "[t]he Charge to the jury on a whole then was fatally defective."

We have examined the charge of the trial court and while it is no model to follow in the future there is no reversible error.

Appellant's fifth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.