**Dock MATHIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–01106–CR.**

Court of Appeals of Texas, Dallas.

April 13, 1983.

Richard A. Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., R. Kristin Weaver, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and STOREY and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a conviction of delivery of the controlled substance of phenmetrazine for which the appellant was sentenced to life imprisonment enhanced by two prior convictions. For the reasons stated, we affirm.

In his first two grounds of error, appellant contends that the statute classifying the controlled substance and the indictment are unconstitutionally vague. The statute complained of is Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.02(d)(1)(D) (Vernon Supp. 1982–83). It reads in pertinent part as follows:

> Any material, compound, mixture, or preparation which contains any quantity of the following substances having a potential for abuse associated with a stimulant effect on the central nervous system
> . . .

Phenmetrazine is listed as one of the substances covered by section 4.02(d)(1)(D) and is placed in penalty group 3. The crime with which appellant is charged is found in section 4.032(a):

> Except as authorized by this Act, a person commits an offense if he knowingly or intentionally manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 3 or 4.

Appellant specifically complains that "quantity having a potential for abuse associated with a stimulant effect on the central nervous system" has no clear and understandable meaning because "abuse" and "potential" have no defined meaning. He also makes the same contention regarding the indictment which essentially tracks the language of the statute.

For a statute—and the indictment under that statute—to be void for vagueness it must be so vague that persons of ordinary intelligence would have to guess as to its meaning and would differ as to its application. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The indictment alleges that appellant did:

> knowingly and intentionally deliver, to-wit: actually transfer, a controlled substance, to-wit: phenmetrazine, in a quantity having a potential for abuse associated with a stimulant effect on the central nervous system, to MJ Thomas.

There can be no doubt that the statute clearly states that it is an offense to deliver the controlled substance phenmetrazine. Failure to define "abuse" or "potential" is not grounds for striking down the statute. *Koah v. State,* 604 S.W.2d 156 (Tex.Cr.App. 1980).

 The qualifying participial phrase "having a potential for abuse associated with a stimulant effect on the central nervous system" merely contains evidentiary elements which the State must prove to establish the offense, *viz.,* that the quantity of phenmetrazine delivered by appellant was such that it had a potential for abuse on the central nervous system. The State is not required to plead evidence relied on, and it is a rare exception when the indictment tracks the language of the statute that it is legally insufficient to provide notice of the charged offense. *May v. State,* 618 S.W.2d 333 (Tex.Cr.App.1981) (*en banc*) vacated 454 U.S. 959, 102 S.Ct. 497, 70 L.Ed.2d 374 (1981), on remand aff'd 632 S.W.2d 751 (Tex.Cr.App.1982); *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App.1980). Because the complained-of language is merely a factual matter which the State must prove and because we find it has understandable meaning, we overrule the first two grounds of error.

 In his third ground of error, appellant contends that the trial court erred in admitting testimony of an extraneous offense. The arresting officer testified that he went to the vice control section of the police department where he filled out a prosecution report. He was then asked:

Q: And I will ask you, yes or no, did you obtain a photograph of the defendant Dock Mathis?

A: Yes.

Appellant contends that this question and answer injected an extraneous offense because it indicated appellant's photograph was on file in the police department. There is no evidence, however, of prior criminal conduct and, thus, no error. *Roach v. State,* 586 S.W.2d 866 (Tex.Cr.App.1979). We overrule this ground.

 In his fourth ground, appellant contends that the trial court erred in admitting hearsay testimony with regard to the chemical analysis performed on the controlled substance. Appellant concedes that a proper predicate was laid for the introduction of the laboratory analysis of the phenmetrazine. He contends that because it is dependent on the skill and expertise of the one making the notation, it does not fall within the business records exception. Tex. Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1982–1983). The supervisor of the laboratory testified the analysis was performed under his supervision and that the technician who performed it was qualified to do so. This is all that is necessary to admit the analysis under Tex.Rev.Civ.Stat.Ann. art. 3737e. *Roberts v. State,* 537 S.W.2d 461 (Tex.Cr.App.1976). We overrule this ground.

In his final ground, appellant contends that the evidence is insufficient to support the verdict because the only evidence of a controlled substance is found in the hearsay laboratory report. Because we hold that the laboratory analysis was properly admitted, we overrule this ground.

Affirmed.