**Allan BECK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 189–83.

Court of Criminal Appeals of Texas, En Banc.

Jan. 9, 1985.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

Scott E. Segall, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and David Clay Cowan, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

This is an appeal from a conviction for the second-degree felony offense of escape under V.T.C.A., Penal Code, § 38.07(d). The punishment was assessed at 20 years' imprisonment. On appeal the conviction was reversed by the El Paso Court of Appeals. *Beck v. State*, 647 S.W.2d 55 (Tex. Cr.App.1983). The court found the trial court erred in overruling appellant's motion to set aside the indictment, finding a lack of specificity in the notice given in that the indictment failed to state the victim of appellant's alleged use or threatened use of a deadly weapon in the course of his escape. We granted the State's petition for discretionary review to determine the correctness of that decision.

V.T.C.A., Penal Code, § 38.07, provides:

"(a) A person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody.

"(b) Except as provided in Subsections (c) and (d) of this section, an offense under this section is a Class A misdemeanor.

"(c) An offense under this section is a felony of the third degree if the actor: [1]

"(1) is under arrest for, charged with, or convicted of a felony; or

"(2) is confined in a penal institution.

"(d) An offense under this section is a felony of the second degree if the actor used or threatened to use a deadly weapon to effect his escape." [2]

The Practice Commentary to said § 38.07 provides:

"This section restates Penal Code arts. 353a, 353b, and 353d without significant change ....

"The offense is aggravated to a third-degree felony if the escapee was charged with or convicted of a felony or was confined in a penal institution and to a second-degree felony if he used or threatened to use a deadly weapon. These aggravating factors are roughly the same as prior law."

The elements necessary to establish the offense of escape are:

"(1) a person (2) who has been arrested for, charged with, or convicted of an offense (3) when he knowingly and intentionally (4) escapes from custody [3] [for a

---

1. V.T.C.A., Penal Code, § 1.07(a)(2), provides:

    "(2) 'Suspect' means a person whose criminal responsibility is in issue in a criminal action. *Whenever the term 'actor' is used in this code, it means 'suspect.'*" (Acts 1977, 65th Leg., p. 2123, ch. 848, eff. Aug. 29, 1977). (Emphasis supplied.)

2. A deadly weapon is defined in V.T.C.A., Penal Code, § 1.07(a)(11), as:

    "(A) * * *

    "(B) Anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

It has been said where the defendant used a deadly weapon to effect his escape, it must be proven that the alleged weapon was used in such a manner as to come within the statutory definition of a deadly weapon. *Garcia v. State*, 537 S.W.2d 930, 934 (Tex.Cr.App.1976).

3. As to the constituent elements of escape, see *Garcia v. State*, 537 S.W.2d 930 (Tex.Cr.App. 1976); *Henderson v. State*, 600 S.W.2d 788 (Tex. Cr.App.1979); *Ex parte Walling*, 605 S.W.2d 621 (Tex.Cr.App.1980).

felony] (5) and the offense for which he was arrested, charged or convicted was a felony or (6) the custody was confinement in a penal institution, or (7) he used or threatened to use a deadly weapon." See Branch's 3rd Ed., Texas Annotated Penal Statutes, Vol. III, § 38.07, p. 126.

The second count of the indictment upon which the conviction was based reads:

"The Grand Jurors for the County of El Paso, State aforesaid, duly organized as such, at the January term, A.D. 1981, of the 120th Judicial District Court for such county upon their oaths in said court, present that Allen Beck, hereinafter styled Defendant, on or about the 22nd day of March One Thousand Nine Hundred and Eighty one and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, did then and there unlawfully intentionally and knowingly escape from the custody of the Sheriff of El Paso County, Texas when he, the said Allen Beck, had been charged with Robbery (Enhanced), a felony, by using and threatening to use a deadly weapon, towit: a sharpened metal object, that in the manner of its use and intended use was capable of causing death and serious bodily injury."

It is clear that the indictment charged a second-degree felony under V.T.C.A., Penal Code, § 38.07(d). The indictment form tracks the various form books examined. See also and cf. *Garcia v. State,* 537 S.W.2d 930 (Tex.Cr.App.1976).

Appellant's motion to "quash" the indictment stated in part:

*"The indictment does not say against whom the ... 'sharpened metal object that in its manner of use or intended use was capable of causing death and serious bodily injury ....' was directed* against, therefore denying Defendant notice, as is required by the Texas and United States Constitution (sic), and therefore would not fully act as double jeopardy as is required by the United States and the Texas constitution (sic)." (Emphasis supplied.)

When the motion was presented to the trial court, it was summarily overruled.

▇ The El Paso Court of Appeals found the trial court erred. It did not find the instant indictment fundamentally defective or that any essential element was not alleged, but that it was defective in the sufficiency of notice as to the identity of the victim of the aggravating feature of the offense, a fact crucial to the appellant's preparation of a defense to the main charge, where specification of the victim's identity was properly sought by the motion to quash the indictment, challenging the notice afforded by the pleadings.[4]

Article 21.11, V.A.C.C.P., provides in part:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the

---

**4.** Appellant's first ground of error states "the indictment is defective as the indictment does not state who was threatened with bodily injury while the Defendant was escaping." The appellant then argues thereunder that the court erred in overruling his motion to quash. The overruled motion to quash or set aside the indictment was much broader than the ground of error. It sought the identity of all against whom the alleged deadly weapon had been "directed." The ground of error claimed the indictment defective because it did not state who was threatened with bodily injury. It is well settled that where the objection made in the

trial court is not the same as that urged on appeal the complaint is not preserved for review. *Carrillo v. State,* 591 S.W.2d 876, 892 (Tex.Cr.App.1979); *McIlveen v. State,* 559 S.W.2d 815, 822 (Tex.Cr.App.1977); *Lejeune v. State,* 538 S.W.2d 775 (Tex.Cr.App.1976). The Court of Appeals took no notice of the difference between the motion to quash and the ground of error on appeal. That court held that the indictment should have stated the identity of the victim of the bodily injury suffered during the alleged escape offense, and such identity was properly sought by the motion to quash.

court, on conviction, to pronounce the proper judgment; ...."

Article 21.04, V.A.C.C.P., provides:

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

■ Thus an offense should be charged in plain and intelligible words with such certainty as to enable an accused to know what he will be called upon to defend against and to enable him to plead judgment that may be given as it is in bar of any further prosecution for the same offense. *Moore v. State,* 532 S.W.2d 333 (Tex.Cr.App.1976); *Wilson v. State,* 520 S.W.2d 377, 379 (Tex.Cr.App.1975); *Gaines v. State,* 501 S.W.2d 315 (Tex.Cr.App.1973); *Burck v. State,* 106 S.W.2d 709 (Tex.Cr. App.1937).

■ It must also be remembered that it is the intent of Article I, § 10 of the Texas Constitution that an accused in a particular case must be furnished information upon which he may prepare his defense, and this information must come from the face of the indictment. *Moore v. State,* supra; *Voelkel v. State,* 501 S.W.2d 313 (Tex.Cr. App.1973). See also *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App.1979). It is, of course, not sufficient to say the accused knew with what offense he was charged, but the inquiry must be whether the charge in writing furnished that information in plain and intelligible language. *Moore v. State,* supra; *Wilson v. State,* supra; *Moore v. State,* 473 S.W.2d 523 (Tex.Cr.App.1971).

■ An indictment should allege all that the State is required to prove. Article 21.03, V.A.C.C.P.; *Ex parte Charles,* 582 S.W.2d 836 (Tex.Cr.App.1979); *Benoit v. State,* 561 S.W.2d 810 (Tex.Cr.App.1977). While all the essential elements of the offense must be alleged in the indictment, an indictment drafted in the language of the statute creating and defining an offense is ordinarily sufficient. *Few v. State,* 588 S.W.2d 578, 583 (Tex.Cr.App.1979). See

also *Ward v. State,* 642 S.W.2d 782 (Tex. Cr.App.1982); *Bollman v. State,* 629 S.W.2d 54 (Tex.Cr.App.1982); *Ex parte Holbrook,* 609 S.W.2d 541 (Tex.Cr.App. 1980); *Boney v. State,* 572 S.W.2d 529 (Tex.Cr.App.1978); *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1976); *Ellard v. State,* 507 S.W.2d 198 (Tex.Cr.App.1954).

It is a rare exception when an indictment drawn in the language of the penal statute is legally insufficient to provide an accused with notice of the offense charged. *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App. 1980); *Parr v. State,* 575 S.W.2d 522 (Tex. Cr.App.1978); *Ames v. State,* 499 S.W.2d 110 (Tex.Cr.App.1973); *Lopez v. State,* 494 S.W.2d 560 (Tex.Cr.App.1973). See also *May v. State,* 618 S.W.2d 333, 341 (Tex.Cr. App.1981); *Zapalac v. State,* 638 S.W.2d 546 (Tex.App.-Houston [1st] 1982).

■ Although, as seen, an indictment which tracks the language of the statute is ordinarily sufficient, this is not always sufficient where more particularity is necessary to meet the requirement of notice to the accused. *Terry v. State,* 471 S.W.2d 848 (Tex.Cr.App.1971). The State, however, is not required to plead evidentiary facts which are not essential to provide such notice. *Slayton v. State,* 633 S.W.2d 934 (Tex.App.-Ft. Worth-1982). Thus, unless a fact is essential for notice to the accused, the indictment need not plead the evidence relied upon by the State. *Phillips v. State,* supra; *Smith v. State,* 502 S.W.2d 133 (Tex.Cr.App.1973); *Cameron v. State,* 401 S.W.2d 809 (Tex.Cr.App.1966). However, a motion to set aside an indictment will be allowed if the facts sought are essential to give notice. *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981).

■ Escape is an offense under Title 8, Chapter 38 of the Penal Code and is an offense against public administration (obstructing government). It is not classified as an offense against the person or against property. The existence of a physically assaulted or injured victim is not an essential element of escape, nor an essential part of the aggravating feature under § 38.-07(d). A deadly weapon may be used, or

displayed or exhibited, in a threatening manner in an escape or escape attempt without the necessity of any physical contact with, physical assault upon or injury to any individual. No one need suffer bodily injury or a physical assault in order for there to be a complete offense under § 38.07(d). In some escape cases certain individuals may be physically assaulted or injured by use of a deadly weapon and others may be merely threatened with the weapon. All of these individuals will have had the weapon "directed" against them. In a given case these individuals, possibly including law enforcement officers, jail inmates and citizens, could be numerous indeed. Appellant, by his motion to quash, sought the allegation in the indictment of all those against whom the deadly weapon was "directed." In holding the motion to quash was improperly overruled, the Court of Appeals observed that the identity of the "assault victim is not an essential element of the indicted offense," but in view of the facts developed at trial that one individual sustained actual bodily injury, the identity of the "victim of the aggravating offense" was a fact crucial to the appellant's preparation of his defense to the "main charge." It appears to be the holding of the Court of Appeals that appellant was entitled to the name of the party actually injured, the "victim," as a matter of notice even though the indictment was not fundamentally defective. We do not agree.

In the instant case the facts reveal that on March 22, 1981, about 9:15 p.m. the appellant was being held in custody on the eighth floor of the El Paso County jail. He was in a holding cell or tank with other prisoners when a jail guard, Rocko Scandifio, came to get two inmates for telephone call privileges. As he opened the cell door, inmate Turner struck him, knocking him off balance, and inmate Ibanez threatened him with a 12 inch shank. Five men, including appellant Beck, all armed with knives, or shanks, left Scandifio in the cell with three other inmates.

Jose Quiroz, detention officer, was escorting a prisoner on the sixth floor of the jail when the elevator door opened and he was confronted by appellant Beck and three other men. The inmates grabbed Quiroz, hit him in the mouth and covered his mouth. He recognized inmate Reyes as one of those who grabbed him. Ibanez held a shank to Quiroz's left eye and inmate Ortiz was on the other side, and appellant Beck was in between Ibanez and Ortiz. All the men were armed, the appellant with a sharpened screw driver. In the scuffle that followed, Quiroz was stabbed in the left leg or thigh. He did not see who stabbed him, but surmised that from their positions the inmates other than appellant could not have stabbed him. After he was stabbed, Quiroz fell into the elevator and one of the inmates pushed the button. Quiroz was hospitalized. Inmates Turner and Reyes were later found outside the jail and apprehended. Appellant and the other two inmates were found on the sunroof on the sixth floor of the jail. They were all armed and fought the officers who finally subdued them.

The court charged on the law of parties and authorized the jury to convict the appellant of escape as charged if they found he acted alone or with another or others as a party to the offense as the term "party" had been defined in the charge.

All that needed to be proven under § 38.07(d) was that the deadly weapon alleged was used or threatened to be used during the course of the escape. The information requested by the appellant in his motion to quash was essentially evidentiary, rather than being required for the purpose of notice and plea in bar.

The Court of Appeals relied upon *King v. State*, 594 S.W.2d 425 (Tex.Cr.App.1980), a capital murder case where the conviction was reversed because the court failed to grant the motion to quash the indictment. The indictment alleged while in the course of committing and attempting to commit kidnapping, aggravated rape and robbery the defendant caused the death of Michael Underwood. See V.T.C.A., Penal Code, § 19.03. The motion to quash sought the name of the complainant in the aggravating offenses alleged. The State argued on appeal that the indictment could be read

that the alleged victim was also the victim of the kidnapping and robbery. The court held, however, this was not true as to the aggravated rape, and the name of the aggravated rape victim was critical to King's defense, and to insure a bar to a subsequent prosecution for the same offense.

Whatever the continued viability of the holding of *King* in the context in which it was decided, it is not here applicable in this offense against public administration. Unlike *King*, there was no ultimate victim of the crime charged, and the criminal conduct constituting an aggravated feature of the offense need not necessarily have a victim or victims.

We conclude that the indictment in the instant case sufficiently alleged facts to enable appellant's counsel to prepare his defense, and to insure his plea in bar. *Thomas v. State*, supra; *Booker v. State*, 523 S.W.2d 413 (Tex.Cr.App.1975).[5] The trial court did not err in overruling the motion to quash the indictment.

The judgment of the Court of Appeals is reversed and remanded for consideration of appellant's other grounds of error including a challenge to the sufficiency of the evidence to sustain the conviction.

---

**5.** An indictment is sufficiently certain if all the ingredients of the offense be as amply set out as it is necessary to prove them. Facts and incidents which do not constitute a necessary part of the offense need not be stated for the purpose of distinguishing it, but they may be proved by the defendant, so as to fix its identity, and thereby protect himself from a second prosecution. *Horan v. State*, 24 Tex. 161 (1859).