Robert Randall MUSTARD, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00723–CR.

Court of Appeals of Texas, Dallas.

April 29, 1986.

John H. Hagler, Douglas D. Mulder, Dallas, for appellant.

Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, GUILLOT and STEWART, JJ.

STEPHENS, Justice.

This is an appeal from a conviction for bribery. Trial was to the court without a jury. The court found appellant guilty of bribery and assessed punishment at ten years' confinement in the Texas Department of Corrections and a $10,000 fine. For the reasons set out below, we affirm.

Appellant was indicted for bribery of a Dallas deputy marshal. The deputy marshal testified that he came to know appellant when appellant was employed by the city prosecutor's office. The deputy did not know appellant personally and learned his name from other people. The deputy marshal testified that he saw appellant once or twice in the Police and Courts Building.

On or about January 29, 1985, the deputy marshal ran into appellant in the Police and Courts Building. The deputy marshal testified that he asked appellant "[W]hat are you doing down here, fixing a ticket for a client?" The deputy marshal testified that he made the comment "jokingly" and that he "didn't mean anything by it." Appellant asked the deputy marshal, "[B]y the way, Dave, how do you do that?" The deputy marshal replied, "Well, do what?," and appellant responded, "You know, take care of tickets." The deputy marshal stated, "Well, you used to work upstairs [in the prosecutor's office]; you're an attorney, you ought to know." Appellant repeated the question and the deputy marshal responded that he did not know and that all he knew was about the codes he used for his work. Appellant asked the deputy marshal if there was any way that he could get the access codes, and the deputy marshal replied that he didn't know and that even if he did know, he would not give the codes out.

The deputy marshal reported the incident to his supervisors and, subsequently, to the Dallas Police Department. An intelligence officer instructed the deputy marshal to talk to appellant if he saw him and to see if appellant wanted to talk about the codes. The deputy marshal was instructed not to push the subject and to let it drop if appellant did not wish to talk about it.

The deputy marshal ran into appellant a few days later and said to appellant, "You know, I saw you a couple of weeks ago, and we were talking, but between the shift change and all the people around, I didn't really understand what it is you wanted. What did you want?" Appellant told the deputy marshal that he wanted access codes to the city's computer system. After a brief conversation about the codes, the deputy marshal asked appellant if he could call appellant about the codes. Appellant said yes and gave the deputy marshal his telephone number.

The record indicates that the deputy marshal called appellant and spoke with him on the telephone on two occasions. These conversations were recorded and a transcript of the taped conversations was made a part of the record.

In the first conversation, the deputy marshal asked appellant what it was that appellant needed. Appellant explained that he wanted access codes to the city's computer system so that he could dismiss tickets, enter judgments of not guilty, cancel warrants, and reset matters. The deputy marshal stated that he might be able to get the codes, but he didn't know if it was worth the risk. Appellant asked the deputy marshal what it would take to make it worth the risk, but the deputy never answered the question. After a brief discussion, the deputy marshal said that he would

call appellant when he got hold of something.

The deputy marshal spoke with the intelligence division about the conversation, and it was decided that the deputy marshal would ask appellant for four hundred dollars in exchange for the access codes. The deputy marshal was given a copy of the computer access codes by an investigator with the intelligence division.

A few days later, the deputy marshal phoned appellant and told him that he had the codes to the computer system. The deputy marshal reminded appellant of their previous discussion concerning the risk involved in getting the codes and what it was worth to the deputy marshal to take the risk. The deputy marshal asked appellant "what he would say" to four hundred dollars. Appellant agreed to pay the amount, and appellant and the deputy marshal arranged a meeting to make the exchange.

This subsequent meeting took place in a shopping center parking lot. A video and audio recording was made of this meeting by the Dallas Police Department. Appellant paid the deputy marshal four hundred dollars and the deputy marshal gave appellant the computer access codes. Appellant was arrested at the scene for bribery. At the trial, the State put on its evidence and rested. Appellant did not testify and called no witnesses on his behalf. The trial court found appellant guilty and, after a hearing on punishment, assessed appellant's punishment at ten years confinement and a $10,000 fine. From this judgment, appellant appeals.

In his first two grounds of error, appellant contends that the ordinance relied upon by the State to support the conviction does not impose a duty upon a public servant, and that the evidence is insufficient to show that the public servant violated a duty imposed by law. We disagree.

■ Section 36.02 of the Texas Penal Code provides that a person commits bribery if he "intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept

from another any benefit as consideration for a violation of a duty imposed by law on a public servant." TEX. PENAL CODE ANN. § 36.02(a)(3) (Vernon 1977). The word "law" includes a municipal ordinance. TEX. PENAL CODE ANN. § 1.07(a)(20) (Vernon 1977). TEX.REV.CIV.STAT. ANN. art. 999 (Vernon (1986), sets out duties of the marshal and deputy marshals. In pertinent part, the statute provides that "he shall perform such other duties and possess such other powers and authority as the city council may by ordinance require and confer." The city ordinance relied upon by the State to show the imposition of a duty provides in pertinent part:

No employee shall disclose information that could adversely affect the property, government or affairs of the City, nor directly or indirectly, use any information gained by reason of his official position or employment, for his/her own personal gain or benefit or for the private interest of others.

Dallas, Tex. Rev. Ordinances ch. 33A, § 7.4(1)(4).

We conclude the above ordinance clearly imposes a duty upon the deputy marshal, pursuant to TEX.REV.CIV.STAT.ANN. art. 999 (Vernon 1986), not to disclose access codes which could adversely affect the property, government or affairs of the City of Dallas, nor use any information gained by reason of his employment with the City for the private interest of others. *See De la Garza v. State*, 579 S.W.2d 220, 223 (Tex.Crim.App.1979).

Appellant next contends that, assuming the ordinance imposed a duty upon the deputy marshal, the evidence is insufficient to show a violation of this duty because the deputy marshal did not "disclose" information nor did he use the information gained *by reason of his official position or employment* for the interest of others. We disagree.

■ It is undisputed that appellant agreed to pay the deputy marshal to obtain the access codes. The deputy marshal obtained the codes and "disclosed" them to appellant. It is clear this information could

adversely affect the City of Dallas. Because the "disclosure" of the information is the act that the ordinance prohibited, it was immaterial how the deputy marshal obtained the codes. Further, while the deputy marshal may not have had the access codes in his possession and could only acquire them by theft, it is no defense to prosecution under section 36.02 that the deputy marshal was not qualified to act in the way appellant desired. TEX. PENAL CODE ANN. § 36.02(b) (Vernon 1977). The offense of bribery focuses on the mental state of the *actor,* and is complete if a private citizen, by offering, conferring, or agreeing to confer intends an agreement. *Hubbard v. State,* 668 S.W.2d 419, 421 (Tex.App.—Dallas 1984, pet. granted) (emphasis added).

■ We conclude that there was sufficient evidence to allow a rational trier of fact to find the elements of the offense beyond a reasonable doubt. Accordingly, appellant's first two grounds of error are overruled.

In his next ground of error, appellant contends that the City ordinance which imposes the duty upon the deputy marshal is void for vagueness. Appellant argues that the terms "disclose," "adversely affect," and "use" fail to give fair notice of the prohibited conduct. We disagree.

■ A statute or ordinance is unconstitutionally vague only if persons of common intelligence must guess at its meaning and differ as to its application. *Cotton v. State,* 686 S.W.2d 140, 141 (Tex.Crim.App. 1985). If the statute or ordinance gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden, the statute or ordinance is not void for vagueness. *Huett v. State,* 672 S.W.2d 533, 537 (Tex.App.—Dallas 1984, pet. ref'd). The above terms are of common usage and describe the prohibited conduct with reasonable certainty and a person of ordinary intelligence would have been fairly apprised that the conduct in question was prohibited by the ordinance. The ground of error is overruled.

Appellant next contends that the caption of the bill that enacted section 36.02(b) of the Texas Penal Code is fatally defective. Our disposition of this ground or error is controlled by *Bates v. State,* 587 S.W.2d 121, 129 (Tex.Crim.App.1979), which upheld a similar attack on the caption of section 36.02 of the Texas Penal Code. The Court in *Bates* stated that "[a]ny caption reader would be apprised of the fact that the bribery statute was being amended in terms of substance and penalties". *Bates,* 587 S.W.2d at 129. Accordingly, appellant's ground of error is overruled.

In his fifth ground of error, appellant contends the trial court erred in overruling his motion to quash the indictment because the word "confer" fails to put him on notice as to the conduct the state intended to prove. The indictment in this case alleged that appellant "conferred" a benefit upon a public servant. As noted above, the bribery statute states in pertinent part that "a person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts or agrees to accept from another...." TEX. PENAL CODE ANN. § 36.02 (Vernon 1977). Appellant argues that the indictment must allege whether he "directly or indirectly, actually or constructively" conferred such benefit upon the public servant, and that the indictment failed to allege the manner and means whereby he allegedly conferred such benefit upon a public servant.

■ In considering a motion to quash the indictment, it is insufficient to say the accused knew with what offense he was charged; rather, the question presented is whether the indictment sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *Beck v. State,* 682 S.W.2d 550, 554 (Tex.Crim.App.1985). We examine the indictment from the perspective of the accused. *Adams v. State,* 707 S.W.2d 900, 901 (Tex.Crim.App.1986) (not yet reported).

■ In determining whether appellant had adequate notice to prepare his defense, we first determine whether "the charging

instrument failed to convey some requisite item of notice," then we determine "whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense, and, finally, how great an impact." *Adams*, at 903. If the defect of form prejudices the substantial rights of the defendant, reversal is required. *Id.*

As noted above, the language of the indictment tracked the words of the statute. Where the indictment "is framed under a statute which defines the act constituting the offense in a manner that will inform the accused of the nature of the charge," the indictment is sufficient. *Castillo v. State*, 689 S.W.2d 443, 447 (Tex. Crim.App.1984 (on rehearing) (quoting *Haecker v. State*, 571 S.W.2d 920, 921 (Tex. Crim.App.1978). If the language of the statute is itself completely descriptive of the offense, tracking the statute is sufficient. *Id.* "By the same test, if the language of the statute is not completely descriptive then merely tracking the statutory language would be insufficient." *Id.* While the State is not required to plead evidentiary facts, a motion to quash an indictment should be allowed if the facts sought are essential to give notice. *Beck*, 682 S.W.2d at 554.

"Confer" is not defined in the Penal Code. We conclude, that under the rationale of *Jeffers v. State*, 646 S.W.2d 185, 188 (Tex.Crim.App.1981) and *Smith v. State*, 658 S.W.2d 172, 173 (Tex.Crim.App.1983), the indictment in this case fails to specify the manner of "conferring" a benefit. *See Castillo*, 689 S.W.2d at 449. Appellant's motion to quash entitled him to sufficient facts to give him notice of the offense charged. Accordingly, we hold the trial court erred in failing to quash the indictment.

We next determine whether the defect in form prejudiced appellant's substantial rights. The record indicates that the State produced overwhelming evidence of appellant's commission of the offense. Appellant presented no evidence at the trial on the merits. Appellant argued to the trial court that what he had done was not "bribery," but simply "theft," and that he had been entrapped. Appellant does not state how his substantial rights have been prejudiced. From our review of the entire record, it is evident that the notice defect in the indictment did not impact adversely on appellant's ability to prepare a defense. *Adams*, 707 at 903. The State's failure to specify the manner of commission of the act of conferring a benefit did not prejudice appellant's substantial rights. The ground of error is overruled.

In his next ground of error, appellant contends the trial court erred in overruling his motion to quash the indictment because the words "access codes" fails to put him on notice so as to prepare a defense. Appellant contends that the indictment is defective because it fails to satisfy article 21.09, TEX. CODE CRIM.PROC.ANN. (Vernon 1981), which states "personal property alleged in an indictment shall be identified by name, kind, number and ownership." The indictment alleges in pertinent part that appellant conferred a benefit upon the deputy marshal as consideration for the deputy marshal to provide appellant "with access codes to the City of Dallas Municipal court computer system."

We conclude that the State alleged sufficient information to satisfy article 21.09 of the Texas Code of Criminal Procedure. The State is not required to plead evidentiary facts which are not essential to giving notice. *Beck*, 682 S.W.d at 554. The indictment charges the offense in plain and intelligible words with sufficient certainty to enable appellant to know what he will be called upon to defend against and to enable him to plead the judgment in bar of any further prosecution for the same offense. *Id.* The ground of error is overruled.

Appellant next contends that the evidence established entrapment as a matter of law. We disagree. Unless the accused has established beyond a reasonable doubt that he was entrapped, the issue of entrapment is a question for the trier of fact. *Redman v. State*, 533 S.W.2d 29, 31

(Tex.Crim.App.1976). Entrapment as a matter of law occurs when the government representative implants in the defendant's mind the criminal design and induces the commission of the crime in order to prosecute. *Ransom v. State*, 630 S.W.2d 904, 906 (Tex.App.—Amarillo 1982, no pet.) citing *United States v. Russell*, 411 U.S. 423, 425, 93 S.Ct. 1637, 1639, 36 L.Ed.2d 366 (1973); *Redman*, 533 S.W.2d at 32. *See Stewart v. State*, 693 S.W.2d 11, 15 (Tex. App.—Houston [14th Dist.] 1985, no pet.). The Texas statute adopts the "objective" test for entrapment, whereby "once the court determines there was an inducement, the only consideration is of the nature of the police activity involved, without reference to the predisposition of the particular defendant." *Johnson v. State*, 650 S.W.2d 784, 788 (Tex.Crim.App.1983).

 Applying this test to the evidence in this case, we hold that appellant was not entrapped as a matter of law. The record shows that, while the deputy marshal may have afforded appellant an opportunity to commit the offense, the deputy marshal's activity falls short of actually implanting the criminal design in appellant's mind or inducing him to commit the offense. *Redman*, 533 S.W.2d at 32; *Ransom*, 730 S.W.2d at 907. The evidence does not establish beyond a reasonable doubt that appellant was entrapped. The ground of error is overruled.

In his final ground of error, appellant contends that because the access codes are available under the Open Records Act, the evidence is insufficient to show "a violation of a duty imposed by law." We disagree.

Article 6252–17a § 3(a) of TEX. REV.CIV.STAT.ANN. (Vernon 1986), provides that "all information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information." Section 2(1)(G) of article 6252–17a specifically states that the judiciary is not included within the definition of "governmental body." The access codes are for the Dallas Municipal Court computer system, a part of the state judicial system. Accordingly, the access codes are not subject to article 6252–17a.

Furthermore, section four of article 6252–17a sets out the manner of obtaining information from a governmental body. This section required appellant to make an application for the information. The governmental body could then, pursuant to section seven of article 6252–17a, request a decision from the attorney general to determine whether the information is within one of the exceptions stated in section three. The ground of error is without merit and is overruled.

The judgment is affirmed.