**Doris Gean STEVENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–90–119–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 9, 1991.

Suzie Johnson, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Chris Marshall and David Richards, Asst. Dist. Attys., Fort Worth, for appellee.

Before SPURLOCK, HILL and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Doris Gean Stevens, was convicted by a jury for the offense of illegal investment of funds to further the commission of the offense of aggravated possession of marihuana. Formerly TEX.REV.CIV. STAT.ANN. art. 4476–15, § 4.052(a)(2) (Vernon Supp.1989) (now codified at TEX. HEALTH & SAFETY CODE ANN. § 481.126 (Vernon Pamph.1991). Upon finding that the enhancement paragraphs were "true," the jury assessed punishment at thirty-seven years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $250,000.

We affirm.

Fort Worth Police Officer Wayne Fitch, working in an undercover capacity, was introduced to appellant by an informant on October 14, 1988. Officer Fitch testified that appellant initially wanted to purchase ten pounds of marihuana, but the officer advised appellant that he would not deal in any quantity smaller than fifty pounds.

On October 18, 1988, Officer Fitch met appellant at appellant's residence. Appellant had indicated that he desired to purchase fifty-two pounds of marihuana. Officer Fitch and appellant discussed appellant's purchase of the marihuana. Appellant advised the officer that he wanted Officer Fitch to bring the marihuana to the house before 11:00 p.m. on the following day. Appellant indicated that 11:00 p.m.

was when his heaviest sales traffic occurred. A price of $650 per pound was agreed upon. Officer Fitch told appellant that the marihuana would be coming in from the Rio Grande Valley in bales and that since each bale weighed a different amount, he could not be sure of the exact total weight.

Officer Fitch asked appellant if he could see the money. Appellant informed the officer that he did not keep that kind of money at the residence but showed Officer Fitch a notebook containing a tally of the dollar amounts appellant had collected. Appellant told the officer that the money would be available the next day when the marihuana was delivered. A general discussion of appellant's marihuana business also took place. Appellant then took Officer Fitch on a tour of the house. In two rooms, Officer Fitch observed a large amount of marihuana being dried. Officer Fitch also observed another individual, described by appellant as his apprentice, packaging individual bags of marihuana.

Later the same day, Officer Fitch telephoned appellant to tell him that the marihuana was coming in. Appellant indicated that he had enough money to purchase fifty-six pounds. Officer Fitch arrived at appellant's residence at 9:50 a.m. on October 19, 1988, accompanied by Officer Eric Abilez. Officer Fitch had brought along eight bales of marihuana weighing 52.4 pounds obtained from another police department. Appellant invited the officers inside and took them into a room containing a pool table. Appellant brought out several paper sacks containing money bags. Officer Fitch began to count the money.

The officers went outside to get the marihuana and brought it back inside appellant's residence. Appellant's apprentice weighed each bale and appellant marked the weights down in a notebook. Officer Fitch continued to count the money. Officer Fitch testified that he was in possession of the money at that point. After the weighing had been completed, appellant announced the total weight to be fifty-two and a quarter pounds. Appellant then calculated the amount he owed. The total purchase price was $33,800. At that point, in response to a prearranged signal, other police officers entered appellant's residence and arrested appellant.

■ We begin with appellant's second point of error in which appellant complains that the statute he was convicted under is unconstitutionally vague. Specifically, appellant contends that the statute is void for vagueness because it fails to define the terms "finance," "invests," and "funds," thereby making the forbidden conduct vague and indefinite. Appellant also argues that because these terms are not defined, he was unable to prepare a defense.

We begin by setting out the statute of which appellant complains. Former TEX. REV.CIV.STAT.ANN. art. 4476–15, § 4.052[1] provided that:

(a) A person commits an offense if the person knowingly or intentionally:

(1) expends funds he knows are derived from the commission of an offense under Section 4.03(c), 4.031(c), 4.032(c), 4.04(c), 4.041(c), 4.042(c), 4.043(c), 4.05(c), or 4.051(c) of this Act; or

(2) finances or invests funds he knows or believes are intended to further the commission of an offense listed in Subdivision (a)(1) of this subsection.

(b) An offense under Subsection (a) of this section is punishable by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years, and a fine of not more than $1,000,000 or less than $50,000.

*Id.*

■ All criminal statutes must provide notice to the populace as to what activity is criminal. *See Bynum v. State,* 767 S.W.2d

---

1. Act approved May 29, 1981, 67th Leg., R.S., ch. 268, § 8, 1981 Tex.Gen.Laws 696, 703, *amended by* Act effective Aug. 29, 1983, 68th Leg., R.S., ch. 425, § 15, 1983 Tex.Gen.Laws 2361, 2391, *repealed by* Act effective Sept. 1, 1989, 71st Leg., R.S., ch. 678, § 13, 1989 Tex.Gen.Laws 2230, 3165 (now codified at TEX.HEALTH & SAFETY CODE ANN. § 481.126 (Vernon Pamph.1991). The language of section 481.126 is substantially similar to that of former article 4476–15, section 4.052.

769, 773 (Tex.Crim.App.1989). A statute may be void because of vagueness if it either requires or forbids the doing of some act in terms so vague that persons of ordinary intelligence must guess as to the statute's meaning and would differ as to the application. *Engelking v. State,* 750 S.W.2d 213, 215 (Tex.Crim.App.1988); *Mathis v. State,* 650 S.W.2d 532, 533 (Tex. App.—Dallas 1983, pet. ref'd). When examining a statute for vagueness, a court should ignore engaging in a rhetorical critique of the statute and instead focus the review upon a concept of fairness. *Bynum,* 767 S.W.2d at 773.

A reviewing court must make a two part inquiry when examining a criminal statute for vagueness. The first inquiry to be made is whether an ordinary, law-abiding person receives sufficient information from the statute that their conduct risks violating the criminal law. *Id.; see Engelking,* 750 S.W.2d at 215. The second inquiry involves determining whether the statute provides sufficient notice to law enforcement personnel to prevent arbitrary or discriminating enforcement. *Engelking,* 750 S.W.2d at 215.

When making a challenge to a criminal statute for vagueness, a defendant must show that in its operation the statute is unconstitutional to him in his specific situation; that the statute may be unconstitutional as to others is not sufficient. *Bynum,* 767 S.W.2d at 774; *Briggs v. State,* 740 S.W.2d 803, 806 (Tex.Crim.App.1987); *see Burleson v. State,* 802 S.W.2d 429, 435 (Tex.App.—Fort Worth 1991, pet. ref'd). In our review, we need only scrutinize the statute to determine whether the statute is impermissibly vague as applied to appellant's specific conduct. *See Bynum,* 767 S.W.2d at 774.

Appellant recognizes that a statute is not unconstitutionally vague merely because the terms found in the statute are not specifically defined. *Id.; Engelking,* 750 S.W.2d at 215. Even a statute which is arguably vague may be given constitutional clarity by applying standard rules of statutory construction. *Engelking,* 750 S.W.2d at 215. In reading the statute, the terms used must be read in the context in which they are used. *Bynum,* 767 S.W.2d at 774. The terms must usually be construed according to the rules of grammar and common usage. *Id.*

"Finance" is defined as "to raise or provide funds or capital for" or "to furnish with necessary funds." Webster's Ninth New Collegiate Dictionary 463 (1983). The term "funds" is defined as "a sum of money" or "available pecuniary resources." *Id.* at 498. The term "invest" is defined as "to commit (money) in order to earn a financial return." *Id.* at 636. Applying these definitions in the context of article 4476–15, section 4.052(a)(2) (now Tex. Health & Safety Code Ann. § 481.126), the statute clearly proscribes an individual from supplying money which that person knows or believes is intended to further the possession of more than fifty pounds of marihuana. The statute provides that the person must intend to further the commission of an unlawful act, for example, the possession of more than fifty pounds of marihuana. When applied to the conduct of appellant, as shown in the record, the terms complained of are not vague at all.

"Funds," "invests," and "finance" are terms which can be readily understood by a person of common intelligence. We find that a person of ordinary intelligence can determine with reasonable precision what specific conduct is prohibited. We also find that the statute provides sufficient notice to law enforcement personnel so as to prevent arbitrary enforcement. Accordingly, article 4476–15, section 4.052(a)(2) (now Tex.Health & Safety Code Ann. § 481.126) is not unconstitutional, particularly with regards to appellant's specific conduct. The criminal activity for which appellant was indicted and convicted "was not that of a law-abiding individual unwittingly ensnared by the prohibitions of a vague penal statute." *Burleson,* 802 S.W.2d at 435. Appellant's vagueness challenge fails in light of his conduct. The legislature intended to punish persons who provide money to further the commission of possessing more than fifty pounds of marihuana.

Appellant's second point of error is overruled.

Appellant's first point of error complains that the trial court erred in denying appellant's motion to quash the indictment. The indictment presented in this case charged in pertinent part that on or about October 19, 1988, appellant "did then and there intentionally and knowingly finance and invest funds he knew and believed were intended to further the commission of the offense of aggravated possession of marihuana of more than fifty pounds."

In his motion to quash, appellant urged three reasons why the indictment in this case is defective: (1) it does not state an offense in plain and intelligible words; (2) the language of the indictment is so vague and indefinite that, if convicted, such conviction would not serve as a bar to further prosecution; and (3) the indictment fails to adequately notify appellant as to the following:

a) In what manner funds were to be "financed" and "invested"

b) What type or kind of "funds" were to be used (i.e.: whether money, services, goods, etc.)

c) With whom said "funds" were to be "invested" and "financed".

d) Under what circumstances said "funds" were to be "invested" and "financed".

e) By what means defendant is alleged to have known and believed said funds were intended to further the commission of the offense of aggravated ... possession of marijuana.

f) Who, if anyone, "intended" said funds to further the commission of another offense.

g) How such intention, if any, was formed or by what means it came about.

h) Who, if anyone, was to have committed the offense of aggravated ... possession of marijuana.

i) The elements of the offense of "aggravated" ... possession of marijuana. . . .

The trial court overruled appellant's motion to quash.

When a reviewing court considers a motion to quash, it is insufficient for that court to say that the accused knew what offense he stood charged with; the question the court must answer is whether the face of the indictment sets forth in plain and intelligible language sufficient information to enable a defendant to prepare a defense. *Daniels v. State*, 754 S.W.2d 214, 217 (Tex.Crim.App.1988). A motion to quash should only be granted if the language in the indictment is so vague or indefinite so as to deny a defendant effective notice of his alleged acts. *Id.*

An indictment must charge the offense in plain and intelligible words so as to enable a defendant to know what he will be called to defend against and to enable the defendant to plead the judgment in bar of any further prosecution for the same offense. *Beck v. State*, 682 S.W.2d 550, 554 (Tex.Crim.App.1985). The indictment shall allege everything the State is required to prove to obtain a conviction. *Id.*

While all of the elements of the offense must be pled in the indictment, an indictment drafted in the language and terms of the statute is ordinarily sufficient. *Id.* It is the rare exception when an indictment so drafted is legally insufficient to provide an accused with the requisite notice. *Daniels*, 754 S.W.2d at 218. If the language of the statute is not completely descriptive, however, so that more particularity is needed to afford the defendant notice, mere tracking of the statute's language and terms may be insufficient. *Id.; Beck*, 682 S.W.2d at 554. Moreover, the State is not required to plead evidentiary facts that are not essential to the notice requirement of an indictment. *Daniels*, 754 S.W.2d at 218.

Appellant has combined the argument in this point of error with the argument supporting his contention that the statute under which appellant was charged and convicted is unconstitutionally vague. For an indictment to be void for vagueness, it must be so vague that a person of ordinary intelligence has to guess as to its meaning and would differ with others as to its application. *Mathis*, 650 S.W.2d at 533.

In our discussion of point of error number two, we have already held that the statute itself is not unconstitutionally vague, especially when applied to appellant's conduct. Our analysis of the statute is also applicable here. The statutory language set out in the indictment is not so vague that appellant was forced to guess as to its meaning or its application.

We have already set out the definitions for the terms appellant complains of in our previous discussion of the constitutionality of the statute. We do not believe that this is one of those rare occasions where an indictment drafted in the language of the statute is insufficient to provide appellant with the required notice. *See Daniels,* 754 S.W.2d at 218. The items sought by appellant are merely evidentiary facts the State is not required to plead in its charging instrument. *Id.* We conclude that the indictment in this case sufficiently alleged enough to enable appellant to prepare a defense, and to insure appellant's plea in bar. *See Beck,* 682 S.W.2d at 556.

Appellant's first point of error is overruled.

■■■ Appellant's third, and final, point of error contends the evidence was insufficient to sustain a conviction for the offense of illegal investment. Specifically, appellant complains that since there is evidence to support a "plain and simple" delivery case, there is insufficient evidence to convict appellant of illegal investment.

In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984) (opinion on reh'g); *Wilson v. State,* 654 S.W.2d 465, 471–72 (Tex.Crim.App. 1983) (opinion on reh'g). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■■■ Appellant was charged with illegal investment, an offense proscribed by section 4.052 of former article 4476–15 of the Texas Revised Civil Statutes. At the time of the offense, section 4.052 provided in pertinent part that:

(a) A person commits an offense if the person knowingly or intentionally:

. . . .

(2) finances or invests funds he knows or believes are intended to further the commission of an offense listed in Subdivision (a)(1) of this subsection.

TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.052 (now codified at TEX.HEALTH & SAFETY CODE ANN. § 481.126). Thus, to commit the offense in the case before us, appellant must have knowingly or intentionally financed or invested funds which he knew or believed were intended to further the commission of the offense of possessing more than fifty pounds of marihuana. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.126. It was not necessary for appellant to actually receive the marihuana to be convicted of illegal investment; appellant needed only to knowingly or intentionally finance or invest funds believing the funds would further the possession of more than fifty pounds of marihuana. *See Beck v. State,* 741 S.W.2d 516, 519 (Tex.App.—Corpus Christi 1987, pet. ref'd).

The evidence in this case shows that appellant entered into an agreement with Officer Wayne Fitch to purchase fifty-two pounds of marihuana. Appellant showed Officer Fitch a notebook indicating the amount of money appellant had available when the officer asked to see the money. Appellant also told the officer that the money would be present the next day when the marihuana was delivered. On October 19, 1988, Officer Fitch and Officer Abilez arrived at appellant's residence. Appellant handed the officers several paper sacks containing money bags. Officer Fitch began to count the money. After starting to count the money, the officers brought the

marihuana in from their truck. Appellant and his helper weighed the marihuana while the officers continued to count the money. After the marihuana had been weighed, appellant and the officers agreed on the final amount of money owed.

We find that the evidence introduced at trial was sufficient to permit a rational trier of fact to find that appellant "financed and/or invested" $33,800 and intended such to further his possession of the marihuana.

Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.