Wendrick Lyndall TANNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–91–00248–CR.

Court of Appeals of Texas,
El Paso.

Sept. 2, 1992.

Ralph Martinez, Houston, for appellant.

Michael J. Guarino, Dist. Atty., Galveston, for state.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a conviction for the offense of illegal investment to further the offense of aggravated possession of cocaine. The court assessed punishment at 10 years' imprisonment and a fine of $50,-000. We affirm.

In Point of Error No. One, the Appellant asserts that the court committed reversible error in denying the Appellant's motion to quash the indictment in that the indictment was vague and violative of the Federal and State constitutions. In the Appellant's brief, his argument centers around the unconstitutionality of the illegal investment statute and is in no way couched in terms of the indictment. We will address the Appellant's contentions that the terms "invest" and "finance" contained in the statute are unconstitutionally vague.[1]

In order to respond to these contentions, it is necessary to give a brief recital of the facts. On October 11, 1989, the Appellant, in the company of two other individuals, drove a vehicle to a strip shopping mall in Friendswood, Texas where a drug transaction was to take place. Several undercover narcotics officers were in a vehicle awaiting their arrival. The officers had a quantity of cocaine in their possession. An individual named Carlos Jones got out of the vehicle driven by the Appellant and entered the front seat of the officer's vehicle. He saw the cocaine and assured himself that a "rip-off" was not going to occur. He returned to the other vehicle and a discussion ensued. The Appellant then approached and entered the officer's car. A price for the cocaine was negotiated between the Appellant and the officers. The Appellant then gave them $6,000 and took the cocaine and taste-tested its quality. The Appellant was then arrested.

All criminal statutes must provide notice to the general population as to what activity is criminal. *Bynum v. State*, 767 S.W.2d 769, 773 (Tex.Crim.App.1989). A statute may be considered void due to vagueness if it either requires or forbids the doing of some act in terms so vague that persons of ordinary intelligence must guess as to the statute's meaning and would differ as to the application. *Engelking v. State*, 750 S.W.2d 213, 215 (Tex. Crim.App.1988).

---

1. Tex.Health & Safety Code Ann. § 481.126 (Vernon 1992) provides in pertinent part:

  (a) A person commits an offense if the person knowingly or intentionally:

    (1) expends funds the person knows are derived from the commission of an offense under Section 481.221(c), 481.113(c), 481.114(c), 481.115(c), 481.116(c), 481.117(c), 481.118(c), 481.120(c), or 481.121(c); or

    (2) finances or invests funds the person knows or believes are intended to further the commission of an offense listed in Subdivision (1).

A reviewing court must make a two-part inquiry in the examination of a criminal statute for vagueness. The first inquiry is whether an ordinary, law-abiding person receives sufficient information from the statute that their conduct risks violating the criminal law. *Id.* at 215. The second inquiry involves a determination of whether the statute provides sufficient notice to law enforcement personnel to prevent arbitrary or discriminating enforcement. *Id.* at 215.

When a challenge is made to a criminal statute on the ground of vagueness, an accused must show that in its operation, the statute is unconstitutional to him in his specific situation; that the statute may be unconstitutional as to others is not sufficient. *Bynum,* 767 S.W.2d at 774. The reviewing court need only scrutinize the statute to determine whether the statute is impermissibly vague as it is applied to the Appellant's specific conduct. *Id.* at 774.

A statute is not unconstitutionally vague merely because the terms found therein are not specifically defined. *Engelking,* 750 S.W.2d at 215. Even in a situation where a statute is arguably vague, it may be given constitutional clarity by applying standard rules of statutory construction. *Id.* at 215. In interpreting a statute, the terms used must be read in the context in which they are used. *Bynum,* 767 S.W.2d at 774. Further, the terms must usually be construed according to the rules of grammar and common usage. *Id.* at 774.

The Appellant maintains that the illegal investment statute is vague because the terms "finance" and "invest" are not statutorily defined and fail to give notice to the public what drug discussions and their extent constitute a crime. In *Stevens v. State,* 817 S.W.2d 800, 804 (Tex.App.—Fort Worth 1991, pet. ref'd), the Court of Appeals stated:

'Finance' is defined as 'to raise or provide funds or capital for' or 'to furnish with necessary funds.' WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 463 (1983). The term 'funds' is defined as 'a sum of money' or 'available pecuniary resources.' *Id.* at 498. The term 'invest' is defined as 'to commit (money) in order to earn a financial return.' *Id.* at 636. Applying these definitions in the context of article 4476–15, section 4.052(a)(2) (now TEX. HEALTH & SAFETY CODE ANN. § 481.126), the statute clearly proscribes an individual from supplying money which that person knows or believes is intended to further the possession of more than fifty pounds of marihuana. The statute provides that the person must intend to further the commission of an unlawful act, for example, the possession of more than fifty pounds of marihuana. When applied to the conduct of appellant, as shown in the record, the terms complained of are not vague at all.

'Funds,' 'invests,' and 'finance' are terms which can be readily understood by a person of common intelligence. We find that a person of ordinary intelligence can determine with reasonable precision what specific conduct is prohibited. We also find that the statute provides sufficient notice to law enforcement personnel so as to prevent arbitrary enforcement.

We follow the holding in *Stevens.* For similar holdings *see Hough v. State,* 828 S.W.2d 97, 101 (Tex.App.—Beaumont 1992, pet. ref'd); *Ex parte Guerrero,* 811 S.W.2d 726, 728 (Tex.App.—Corpus Christi 1991, no pet.). More particularly, in the present case, the statute when applied to the conduct of the Appellant, is not vague. Point of Error No. One is overruled.

In Point of Error No. Two, the Appellant contends that the illegal investment statute is overbroad. An attack on a statute for being overbroad is normally and traditionally reserved for complaints concerning alleged First Amendment violations. *Bynum v. State,* 767 S.W.2d 769, 772 (Tex.Crim.App.1989). In a facial challenge to the overbreadth and vagueness of a law, a reviewing court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. *Id.* at 772. A statute is

considered impermissibly overbroad if, in addition to proscribing activities which may constitutionally be forbidden, it sweeps within its range of coverage speech or conduct which is protected by the First Amendment. *Id.* at 772. *Clark v. State,* 665 S.W.2d 476, 482 (Tex.Crim.App.1984). Only a statute that is substantially overbroad may be invalidated on its face. *Bynum v. State,* 767 S.W.2d at 773. *City of Houston, Texas v. Hill,* 482 U.S. 451, 458, 107 S.Ct. 2502, 2508, 96 L.Ed.2d 398, 410 (1987).

■ The Appellant maintains that the illegal investment statute is facially overbroad because it reaches expressions not intended to further the sale, distribution or possession of narcotics. He contends that the statute covers any discussion regarding narcotics because the terms "invest" and "finance" do not establish guidelines that characterize legal from illegal expressions. We disagree. Tex.Health & Safety Code Ann. § 481.126(a)(2) penalizes an individual who "finances or invests funds the person knows or believes are intended to further the commission of an offense listed in Subdivision (1)." The Appellant does not allege how the statute improperly penalizes speech or conduct which is protected by the First Amendment. The penal provision at issue criminalizes only the conduct of one who intends to invest or finance funds intended to further the commission of an aggravated drug offense. We conclude that this statute is not substantially overbroad. Point of Error No. Two is overruled.

The judgment of the trial court is affirmed.