COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
MARIA E. RODRIGUEZ,                               )                  No. 08-05-00126-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )      County Criminal Court of Appeals
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# MC-03-R0016-D)

O P I N I O N

            This is an appeal arising from a conviction for the violation of a city fire ordinance. Maria
E. Rodriguez complains that the ordinance is unconstitutionally vague. For the reasons that follow,
we affirm. 
FACTUAL SUMMARY
            Appellant was the director of a construction rehabilitation project in Dallas. She worked for
Delvin D. Dupuy, the owner of HB Welding, who was a construction subcontractor. The project
involved the Cantera Crossing Apartments and consisted of four buildings. The complex was being
rehabilitated in sections and the first section undergoing repair was secured by a perimeter fence. 
Dupuy obtained the permit for the perimeter fence, which prohibited the public from entering into
the general work area. 
            Dupuy’s work consisted of fabricating and rebuilding the stairs and balcony rails that were
being removed by Appellant and other workers. Dupuy testified that fabrication requires the use of
welding machines and torches. On February 11, 2002, Dupuy and his employees were working on
the stairs located on the exterior of the apartments. The staircase was being installed on a thirteen
to fourteen foot retaining wall in order to connect the parking lot with the north exit of the building. 
The retaining wall was within the perimeter fence. The welding work was conducted outdoors in
the parking lot area of the apartment complex but within the perimeter fence. 
            Sammy Urteaga was the new construction inspector. He cited Appellant for failing to obtain
a welding permit in violation of the Uniform Fire Code which was incorporated into Chapter 16 of
the Dallas City Code. A violation of the ordinance is a misdemeanor offense. The complaint
charged:
[Maria E. Rodriguez] . . . did then and there unlawfully fail to obtain a welding or
cutting permit for welding or cutting operations and there was not an exception
to wit: hot work under special permit, hot work allowed with alternate requirements
in conjunction with ship construction or repair or hot work in confined spaces.

At trial, Urteaga elaborated on the purposes of welding permits: 
 
They’re required to pull the permit to make sure that the equipment being used is
properly maintained. And the process of the welding cutting is also done per the
Code, as far as fire extinguisher -- requirement of fire extinguisher, a -- the area
around the welding cutting, that it is clean and maintained clear of any combustibles. 
And that a fire watch -- a 30 minute fire watch after the welding cutting is also
maintained and preformed [sic] . . . some type of observations that, you know, the
welding cutting didn’t result in any other type of fire or some type of exposure, or a
fire caused by the exposure to this welding cutting.

            Appellant asserted an affirmative defense, contending that a welding permit was not required
because the work was performed in “confined spaces.” She also filed two motions to quash in which
she claimed that the ordinance was unconstitutional because the phrase “confined spaces” was
impermissibly vague. The municipal court denied her motions. Appellant was found guilty by a jury
and fined $1,500. The Dallas County Court of Criminal Appeals affirmed, holding that the ordinance
was not unconstitutionally vague as applied. We have jurisdiction because the fine exceeded $100
and the municipal court’s judgment was affirmed by the Dallas County Criminal Court of Appeals. 
Tex.Gov’t Code Ann. § 30.00027 (Vernon 2004). 
STANDARD OF REVIEWA criminal statute is presumed to be constitutional and the burden of establishing the
unconstitutionality of a statute rests upon the challenger. Ex parte Granviel, 561 S.W.2d 503, 511
(Tex.Crim.App. 1978). All criminal statutes must provide notice to the general population as to
what activity is criminal so that individuals have fair warning of what is forbidden. Tanner v. State,
838 S.W.2d 302, 303 (Tex.App.--El Paso, 1992, no pet.), citing Bynum v. State, 767 S.W.2d 769,
773 (Tex.Crim.App. 1989). In order to determine whether the ordinance is unconstitutionally vague,
we must determine two things: (1) whether a law-abiding person received sufficient information
from the ordinance that their conduct risks violating the criminal law; and (2) whether the ordinance
provides sufficient notice to law enforcement personnel to prevent arbitrary or discriminating
enforcement. Tanner, 838 S.W.2d at 304, citing Engelking v. State, 750 S.W.2d 213, 215
(Tex.Crim.App. 1988). When a statute is challenged for vagueness and no First Amendment rights
are involved, we need only scrutinize the statute to determine if it is impermissibly vague as applied
to the challenger’s specific conduct. Bynum, 767 S.W.2d at 774. An ordinance is not
unconstitutionally vague simply because the words or terms used are not specifically defined. Id.,
citing Engelking, 750 S.W.2d at 215. Rather, when interpreting an ordinance the words or phrases
must be read in the context in which they are used and must be construed according to the rules of
grammar and common usage. Bynum, 767 S.W.2d at 774.
THE ORDINANCE
            We begin with the relevant sections of the ordinance in issue. Section 4901.3 details the
requirements of welding permits and specifies that a permit is required for each separate activity and
location. Section 4901.2.2 defines “hot work” which includes welding and the use of an open torch. 
It also defines the “hot-work area” as the area which is exposed to sparks, hot slag, or radiant or
convective heat as a result of the hot work. Section 4901.5 applies to hot-work areas and establishes
the requirements that must be followed within those areas:
4901.5.2 Prohibited Areas. Hot work shall not be conducted in rooms or areas where
flammable liquids or vapors, lint, dust, or combustible storage is at risk of ignition
from sparks or hot metal from the hot work or in other locations as determined by the
chief. 
 
4901.5.3 Combustibles. Hot-work areas shall not contain combustibles or shall be
provided with appropriate shielding to prevent sparks, slag or heat from igniting
exposed combustibles. 
 
4901.5.4 Openings. Openings or cracks in walls, floors, ducts or shafts within the
hot-work area shall be tightly covered to prevent the passage of sparks to adjacent
combustible areas, or shielding by metal or fire-resistant guards or curtains shall be
provided to prevent passage of sparks or slag. 
 
Where hot work is performed above locations where persons are likely to pass,
noncombustible shields shall be used for protection from sparks and hot metal or
oxide. 
 
4901.5.5 Housekeeping. Floors shall be kept clean within the hot-work area. 

ANALYSIS

            The crux of Appellant’s argument is that she was welding within the perimeter fencing and,
consequently, she was performing hot-work in a confined space and did not need a permit. She
argues that if the fenced parking lot area does not constitute a confined space, then the phrase
is impermissibly vague. A plain reading of the ordinances, taken in context, belies her argument. 
Hot-work shall not be performed in any place where combustible or flammable material may be
found. The ordinances are designed to protect workers or passersby from sparks, hot metal, or other
flame-related injury. Sparks may ignite a variety of materials such that even indoor welding may
require a permit. “Rooms” are customarily found indoors and generally have distinctive boundaries
such as walls and a ceiling. Unwalled areas, indoors or outdoors, may contain combustible storage. 
Air ducts and shafts require extra protection to ensure sparks do not pass into other areas or rain
down on passersby. Outdoor welding may exacerbate the potential for injury or conflagration
depending on the wind, litter, clutter, lumber, or other building supplies or materials. Given these
circumstances, “confined spaces” must refer to areas which are not open to flammable materials,
subject to air currents, or likely to expose citizens to danger. A parking lot, even a fenced one,
hardly fits this description. A person of ordinary intelligence would understand that welding in a
large outdoor area poses a fire hazard and would have fair notice that it is not a “confined space.” 
We overrule the sole issue for review and affirm the judgment.


December 1, 2005                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)