COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JEFFREY LONSDALE,                                   )                  No. 08-05-00139-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )      County Criminal Court of Appeals No. 2
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# MB0414254M)

O P I N I O N
 
            Jeffrey Lonsdale appeals his misdemeanor conviction of driving while intoxicated. The trial
court assessed punishment at two years’ probation and a fine of $1,200. We affirm. 
FACTUAL SUMMARY
            Around 2 a.m. on June 24, 2004, Officer Charlie Foster observed Appellant’s vehicle weave
from the left lane into the right lane. As the officer followed, Appellant changed lanes three times
without signaling his intent to turn. Appellant eventually drove back to his hotel where he was
detained by Officer Foster in the parking lot. 
            Appellant exited his vehicle and Officer Foster asked him three times to stand next to the car. 
After the third request, Appellant got back inside the car. As the officer approached, Appellant
rolled the window partially down, then up, and then finally down. The officer told him he had failed
to signal a turn and asked to see his license and proof of insurance. Appellant first handed him a
business card and then his driver’s license. By this time, Officer Foster noticed an odor of alcohol
coming from the vehicle and asked whether Appellant had had anything to drink. Appellant
admitted drinking, but he could not remember how many drinks he had consumed. When he refused
to perform field sobriety tests, he was arrested for driving while intoxicated. 
ISSUES FOR REVIEW
            Appellant presents seven issues for consideration. The first five deal with the denial of his
motion to suppress. Appellant contends that the offense of failure to signal an intent to turn is
unconstitutionally vague and cannot be committed unless a driver also fails to complete a safe turn. 
From this, he concludes that the arresting officer lacked reasonable suspicion and probable cause to
stop his vehicle, detain him, and arrest him. In his sixth and seventh issues, he argues the trial court
erred by admitting evidence of his refusal to perform field sobriety tests and that error was
compounded by the prosecutor’s closing argument. 
MOTION TO SUPPRESS
            We review a trial court’s ruling on a motion to suppress using the bifurcated standard of
review articulated in Guzman v. State, 955 S.W.2d 85 (Tex.Crim.App. 1997). See Carmouche v.
State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); Krug v. State, 86 S.W.3d 764, 765 (Tex.App.--El
Paso 2002, pet. ref’d). We give almost total deference to the trial court’s ruling on questions of
historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and
demeanor. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002); Best v. State, 118
S.W.3d 857, 861-62 (Tex.App.--Fort Worth 2003, no pet.). Where, as here, the trial court fails to
file findings of fact, we view the evidence in the light most favorable to the ruling and we assume
the court made implicit findings in support of its ruling as long as those findings are supported in the
record. State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000). 
            We review de novo a trial court’s rulings on mixed questions of law and fact if they do not
turn on the credibility and demeanor of witnesses. Johnson, 68 S.W.3d at 652-53. If the trial court’s
ruling on the motion to suppress is supported by the record and is correct under any theory of law,
we must uphold the trial court’s ruling. Armendariz v. State, 123 S.W.3d 401, 404 (Tex.Crim.App.
2003), citing State v. Ross, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000). We do not engage in our
own factual review because at a suppression hearing, the trial judge is the sole trier of fact with
regard to the weight and credibility of the witnesses. See Ross, 32 S.W.3d at 855; Romero v. State,
800 S.W.2d 539, 543 (Tex.Crim.App. 1990). 
Vagueness
            We turn first to Appellant’s complaint that the traffic offense at issue is unconstitutionally
vague. Officer Foster stopped Appellant because he changed lanes three times without signaling his
intent to turn. Under the Transportation Code, a driver is required to use a signal to indicate an
“intention to turn, change lanes, or start from a parked position.” Tex.Transp.Code Ann. §
545.104(a) (Vernon 1999). 
            A statute is void for vagueness if the conduct it seeks to prohibit is not clearly defined. State
v. Holcombe, 187 S.W.3d 496, 499 (Tex.Crim.App. 2006). We presume that a statute is
constitutional, and the burden of establishing it as unconstitutional lies with the challenger. Ex parte
Granviel, 561 S.W.2d 503, 511 (Tex.Crim.App. 1978). In our review, we must determine (1)
whether a law-abiding person received sufficient information from the statute that their conduct risks
violating the criminal law; and (2) whether the statute provides sufficient notice to law enforcement
personnel to prevent arbitrary or discriminating enforcement. Tanner v. State, 838 S.W.2d 302, 303
(Tex.App.--El Paso 1992, no pet.), citing Engelking v. State, 750 S.W.2d 213, 215 (Tex.Crim.App.
1988). A statute is considered vague if it fails to give a person of ordinary intelligence a reasonable
opportunity to know what conduct is prohibited. Holcombe, 187 S.W.3d at 499. 
            Appellant claims Section 545.104 is unconstitutionally vague because it gives officers
unfettered discretion to determine when someone has failed to “indicate an intention to turn.” 
Tex.Transp.Code Ann. § 545.104. We disagree. The statute provides sufficient notice to law
enforcement that a traffic violation occurs when a driver fails to signal an intent to turn, and a person
of ordinary intelligence would understand that failing to signal is a violation of the statute. Hargrove
v. State, 40 S.W.3d 556, 559 (Tex.App.--Houston [14th Dist.] 2001, pet. ref’d)(plain language of
Section 545.104(a) requiring a driver to signal is not unconstitutionally vague).
Failure to Signal Intent to Turn
            Appellant next suggests that Sections 545.104 and 545.103 are in pari materia and should
be read together to constitute a violation of the traffic offense of failing to signal a turn. Section
545.104(a) requires a driver to signal an intent to turn. Tex.Transp.Code Ann. § 545.104(a). 
Section 545.103 prohibits a driver from turning unless the maneuver can be made safely. 
Tex.Transp.Code Ann. § 545.103. Appellant concludes from this that a person does not commit
the traffic offense of failing to signal an intent to turn unless he also makes an unsafe turn. 
            The doctrine of in pari materia is a rule of statutory construction requiring two statutes to
be construed together so as to give full effect to each. Burke v. State, 28 S.W.3d 545, 546-47
(Tex.Crim.App. 2000). Two statutes are considered in pari materia if they share a common purpose
or object or cover the same general subject matter or persons. Burke, 28 S.W.3d at 547-48; Cheney
v. State, 755 S.W.2d 123, 127 (Tex.Crim.App. 1988). We disagree that Sections 545.104 and
545.103 are in pari materia. A driver has a duty to comply with both statutes by signaling an intent
to turn and by turning safely. Krug, 86 S.W.3d at 767 (Sections 545.104 and 545.103 serve different
goals and are complementary to each other). Thus, regardless of whether a turn is safely made, a
driver commits a traffic offense if he turns without signaling his intent to do so. Torres v. State,
2003 WL 68056 at *2 (Tex.App.--El Paso 2003, no pet.); Krug, 86 S.W.3d at 767. 
Reasonable Suspicion to Detain and Probable Cause to Arrest
            We now turn to reasonable suspicion and probable cause. An officer has the authority to stop
and temporarily detain a driver who commits a traffic violation in his presence. Lemmons v. State, 
133 S.W.3d 751, 755 (Tex.App.--Fort Worth 2004, pet. ref’d), citing Armitage v. State, 637 S.W.2d
936, 939 (Tex.Crim.App. 1982). Once a suspect has been detained, an officer’s investigative
detention must be temporary and may not last longer than necessary to effectuate its purpose. Davis
v. State, 947 S.W.2d 240, 244-45 (Tex.Crim.App. 1997). If an officer develops a reasonable
suspicion the detainee has engaged in other criminal activity, a continued investigatory detention is
justified and an officer may arrest a suspect for the other offense. Terry v. Ohio, 392 U.S. 1, 27, 88
S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968); Davis, 947 S.W.2d at 244; Haas v. State, 172 S.W.3d 42,
52-53 (Tex.App.--Waco 2005, pet. ref’d); Lemmons, 133 S.W.3d at 756-57. 
            Here, Officer Foster observed Appellant fail to signal his intent to turn three times. Having
observed the traffic violation, Officer Foster was authorized to stop and detain Appellant. State v.
Gray, 158 S.W.3d 465, 469-70 (Tex.Crim.App. 2005). During his investigation of the traffic
violation, the officer smelled the odor of alcohol emanating from the vehicle. Appellant appeared
dazed, and his hand movements were slow and awkward. Appellant admitted he had been drinking,
but could not remember how many drinks he had. Based upon these observations, Officer Foster
developed a reasonable suspicion that Appellant was intoxicated, justifying his detention for further
investigation. Terry, 392 U.S. at 27; Lemmons, 133 S.W.3d at 756-57. 
            Appellant was arrested after Officer Foster concluded he was intoxicated. An officer must
have probable cause in order to make a warrantless arrest. Torres v. State, 182 S.W.3d 899, 901
(Tex.Crim.App. 2005). Probable cause requires an officer to have a reasonable belief, based on the
facts and circumstances within the officer’s knowledge or which the officer has reasonably
trustworthy information, that an offense has or will be committed. Torres, 182 S.W.3d at 902;
Sandoval v. State, 35 S.W.3d 763, 767 (Tex.App.--El Paso 2000, pet. ref’d). We examine probable
cause in light of the totality of circumstances as established by the evidence. State v. Garrett, 22
S.W.3d 650, 654 (Tex.App.--Austin 2000, no pet.).  
            Officer Foster concluded Appellant was intoxicated based on the following factors: (1) the
vehicle smelled like alcohol; (2) Appellant admitted he had been drinking; (3) he refused to submit
to field sobriety tests; (4) he looked dazed, his speech was slurred, and his hand movements were
slow and awkward; (5) he tendered his business card when asked for his driver’s license; (6) he
disregarded three requests that he stand by the car; and (7) he had trouble operating the car window.
In considering the totality of circumstances, Officer Foster had probable cause to arrest Appellant. 
Texas Dept. of Public Safety v. Nielsen, 102 S.W.3d 313, 317-18 (Tex.App.--Beaumont 2003, no
pet.)(probable cause to arrest defendant for DWI where officer saw signs of intoxication, such as,
smelled alcohol odor from vehicle, officer had to repeat questions, suspect admitted to drinking, and
refused to submit to field sobriety tests); Garrett, 22 S.W.3d at 654-55 (probable cause to arrest
existed where defendant exhibited unlawful driving behavior, smelled like alcohol, had watery eyes,
and refused to participate in field sobriety tests). Finding no error in the denial of the motion to
suppress, we overrule Issues One through Five. 
EVIDENTIARY ERROR 
            Issues Six and Seven encompass claims of evidentiary error. A trial court’s ruling on the
admissibility of evidence is reviewed for an abuse of discretion. Moses v. State, 105 S.W.3d 622,
627 (Tex.Crim.App. 2003); Torres v. State, 116 S.W.3d 208, 213 (Tex.App.--El Paso 2003, no pet.). 
A trial court’s ruling will only be reversed if the decision exceeded the zone of reasonable
disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990)(opinion on reh’g).
            In his sixth issue, Appellant challenges the admission of testimony that he refused to perform
the field sobriety tests. He complains that the evidence was irrelevant, and if relevant, more
prejudicial than probative. He also points to violations of his constitutional rights, arguing that the
invocation of the right to counsel, the right to remain silent, and the right against unreasonable search
and seizure may not be relied upon as evidence of guilt. 
            A defendant’s refusal to perform field sobriety tests is relevant and admissible. See Griffith
v. State, 55 S.W.3d 598, 601-02 (Tex.Crim.App. 2001)(refusal to take blood-alcohol test is
admissible because it has statutorily mandated probative value); Dawkins v. State, 822 S.W.2d 668,
671 (Tex.App.--Waco 1991, pet. ref’d)(absent evidence a defendant was compelled to refuse to
perform the field sobriety tests, evidence of his refusal was admissible); Barraza v. State, 733
S.W.2d 379, 381 (Tex.App.--Corpus Christi 1987) aff’d, 790 S.W.2d 654 (Tex.Crim.App.
1990)(because a request to perform field sobriety test and breathalyzer test are sufficiently similar
no reason to distinguish between them regarding admissibility of refusal to perform them);
Tex.Transp.Code Ann. § 724.061 (Vernon 1999)(a person’s refusal to submit to blood or breath
test may be introduced into evidence at trial). The reason why a defendant refuses to perform field
sobriety tests is not admissible. See Griffith, 55 S.W.3d at 601, citing Jamail v. State, 787 S.W.2d
380, 382 (Tex.Crim.App. 1990). In Griffith, the defendant was videotaped at the police station and
asked whether he would take an “intoxilyzer” test for breath alcohol. Griffith wanted to consult his
attorney before deciding whether to take the test. He was informed that he did not have the right to
have an attorney present. Griffith responded that he was not refusing the test, but wanted to ask
counsel whether he should take it. The officers repeated that he didn’t have the right to have his
lawyer present and they would treat his “precondition” as refusal. Over a defense objection at trial,
the State introduced the audio portion of the videotape in which Griffith had requested counsel.
            The Court of Criminal Appeals first noted the general rule that a defendant’s “ineffectual
requests for counsel ha[ve] no probative value and should not [be] admitted under Rule 402.” 
Griffith, 55 S.W.3d 601, citing Hardie v. State, 807 S.W.2d 319, 321 (Tex.Crim.App. 1991). But
Griffith’s request for counsel “was cloaked around his refusal to take the blood-alcohol test, which
has statutorily-mandated probative value.” Id. The court thus determined that the refusal had
probative value independent of his request for an attorney, although the request for counsel, standing
alone, was irrelevant to guilt. Id. at 602. At issue, of course, was whether the State could properly
use Griffith’s request for an attorney as an indication of his guilt. Finding no constitutional
impediment under the 4th, 5th, 6th and 14th amendments, the court affirmed the conviction. We
similarly reject Appellant’s contentions here and overrule Issue Six.
            In his seventh and final issue, Appellant contends the State erred in arguing that his refusal
to perform the field sobriety tests was evidence of guilt: 
I submit to you that that refusal, the refusal of answering questions to the police
officer, refusing field sobriety tests to the police officer, refusing to cooperate with
Officer Foster and refusing a breath test, is all evidence of his guilt. 

. . .
 
Now , possibly the most damaging evidence against the defendant is that he knew he
was caught. I have no comment.

            Well, sir, would you help me out? Would you help me determine if you’re intoxicated?

            No. No comment.
 
            Are you going to cooperate with me at all and let me do these standardized field sobriety tests? 

            No. 

            Sir, are you refusing?

            Yes.
 
            He refuses the breath test later. And as Ms. Sica said, those refusals are evidence of
his guilt. And when taken into account with the remainder of the evidence . . . all
clearly leads to the conclusion that he had lost control of his normal mental and
physical faculties.

A prosecutor’s closing argument is permissible if it falls within the following four areas: (1)
summation of the evidence presented at trial, (2) reasonable deductions from the evidence, (3)
answer to the opposing counsel’s argument, and (4) a plea for law enforcement. Jackson v. State,
17 S.W.3d 664, 673 (Tex.Crim.App. 2000). If the inferences drawn are reasonable, fair, legitimate,
and offered in good faith, counsel is allowed wide latitude without limitation in drawing inferences
from the evidence. Gaddis v. State, 753 S.W.2d 396, 398 (Tex.Crim.App. 1988). Having already
determined that Appellant’s refusal to submit to field sobriety test was admissible, we likewise
conclude that the jury could infer that his refusal was evidence of intoxication. Id. at 400 (a jury may
logically deduce a defendant is intoxicated from his refusal to submit to a breath test). We overrule
Issue Seven and affirm the judgment of the trial court. 


August 29, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)