

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| ALEXANDER C. ETHERIDGE, | § | No. 08-12-00337-CR |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law No. 1 |
| THE STATE OF TEXAS, | § | of Collin County, Texas |
| Appellee. | § | (TC # 0018702110) |
|  | § |  |

## **O P I N I O N**

Alexander Etheridge appeals his conviction of evading arrest or detention. He waived his right to trial by jury and entered a negotiated plea of guilty while reserving the right to appeal the trial court's denial of a motion to quash the charging instrument. In accordance with the plea agreement, the trial court deferred making an adjudication of guilt and placed Appellant on community supervision for eight months. For the reasons that follow, we affirm.

### **FACTUAL SUMMARY**

Appellant was charged with the misdemeanor offense of evading arrest or detention. *See* TEX.PENAL CODE ANN. § 38.04(a)(West Supp. 2014). The amended information alleged that (1) Appellant intentionally fled from Chad Hermes, a peace officer who was attempting lawfully to arrest or detain Appellant, and (2) Appellant knew that Hermes was a peace officer attempting to arrest or detain him. Appellant filed a motion to quash the information asserting that Section

38.04(a): (1) is unconstitutionally vague because "a person of ordinary circumstances" cannot tell what conduct is prohibited; (2) is unconstitutionally vague as applied to Appellant because he cannot determine what conduct is criminally prohibited; (3) is unconstitutionally overbroad because it has a chilling effect, not only upon acts which are not protected and which the state may lawfully criminalize, but also upon protected political, religious, or other peaceful opinion speech or speech activity; and (4) is unconstitutionally overbroad as to Appellant because it attempts to punish him for lawful activity. At the hearing on the motion to quash, neither party presented evidence. The trial court denied the motion and Appellant subsequently entered a guilty plea while reserving his right to appeal the order denying the motion to quash.

## CONSTITUTIONALITY OF SECTION 38.04

In his first issue, Appellant complains that the trial court erred by overruling his pretrial motion to quash because Section 38.04(a) of the Texas Penal Code is unconstitutional on its face and as applied to him. He argues that the statute is both vague and overbroad.[1]

### *Standard of Review*

We review the constitutionality of a criminal statute *de novo*. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex.Crim.App. 2013). When the constitutionality of a statute is challenged, we ordinarily begin with the presumption that the statute is valid and the Legislature has not acted unreasonably or arbitrarily. *Ex parte Lo*, 424 S.W.3d at 14-15; *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex.Crim.App. 2013). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Ex parte Lo*, 424 S.W.3d at 15. This presumption does not apply when the government seeks to restrict speech based on its content. *Id.* Content-based regulations are presumptively invalid, and the government bears the burden to rebut that

---

[1] Appellant raises this issue in multiple arguments which he designates with the letters "a," "b," "c," and "d." For convenience, we will refer to these arguments as Issue One.

presumption. *Id.* It is the burden of the person desiring to engage in allegedly expressive conduct to demonstrate the First Amendment applies. *Clark v. Community For Creative Non-Violence*, 468 U.S. 288, 294 n.5, 104 S.Ct. 3065, 3069 n.5, 82 L.Ed.2d 221 (1984).

A statute may be challenged as unconstitutional "on its face" or "as applied." *Scott v. State*, 322 S.W.3d 662, 665 n.1 (Tex.Crim.App. 2010). A claim that a statute is unconstitutional "on its face" is a claim that the statute, by its terms, always operates unconstitutionally. *Scott*, 322 S.W.3d at 665 n.1, *citing Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex.Crim.App. 2006). A claim that a statute is unconstitutional "as applied" is a claim that the statute operates unconstitutionally with respect to the claimant because of his particular circumstances. *Scott*, 322 S.W.3d at 665 n.1, *citing Gillenwaters*, 205 S.W.3d at 536 n.3. Appellant did not present any evidence at the hearing on his motion to quash. Consequently, his challenge to the statute as applied to him fails and we will restrict our review to the facial challenge.

*Overbreadth Challenge*

When an appellant challenges a statute as both unconstitutionally overbroad and vague, we address the overbreadth challenge first. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-95, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982); *Maloney v. State*, 294 S.W.3d 613, 626 (Tex.App.--Houston [1st Dist.] 2009, pet. ref'd). A statute may be challenged as overbroad, in violation of the Free Speech Clause of the First Amendment, if, in addition to proscribing activity that may be constitutionally forbidden, it sweeps within its coverage a substantial amount of expressive activity that is protected by the First Amendment. *Scott*, 322 S.W.3d at 665 n.2, *citing Morehead v. State*, 807 S.W.2d 577, 580 (Tex.Crim.App. 1991). In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected

conduct.  *Village of Hoffman Estate*, 455 U.S. at 494, 102 S.Ct. at 1191.  If it does not, then the overbreadth challenge fails.  *Id.*  The Court of Criminal Appeals has admonished that the overbreadth doctrine is "strong medicine" that should be employed "sparingly" and "only as a last resort."  *See Ex parte Ellis*, 309 S.W.3d 71, 91 (Tex.Crim.App. 2010).

The First Amendment generally protects the free communication and receipt of ideas, opinions, and information, but the guarantee of free speech is not absolute.  *See Scott*, 322 S.W.3d at 668.  Section 38.04(a) of the Penal Code provides that a person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.  TEX.PENAL CODE ANN. § 38.04(a)(West Supp. 2014).  Thus, the elements of the offense of evading arrest or detention are:

(1) a person

(2) intentionally flees

(3) from a person he knows is a peace officer or federal special investigator

(4) while the peace officer or federal special investigator is attempting to arrest or detain the person, and

(5) the attempted arrest or detention is lawful.

A person cannot be convicted of evading arrest or detention if the State fails to prove that the attempted arrest or detention was lawful.  *Compare* TEX.PENAL CODE ANN. § 38.04(a) *with* TEX.PENAL CODE ANN. § 38.03(a), (b)(West 2011)(providing it is not a defense to a prosecution for resisting arrest, search, or transportation that the arrest or search was unlawful).

Appellant contends that Section 38.04(a) would have a chilling effect on constitutionally protected conduct because it could be applied to a situation where a police officer attempts to detain a protestor, a speaker in a proper public forum, or someone praying in public.  He argues that the citizen is put to the choice of either stopping his constitutionally protected activity or

being unlawfully arrested or detained. Section 38.04(a) does not operate in the manner suggested. The only conduct made criminal by Section 38.04(a) is intentionally fleeing from an officer who is attempting to lawfully arrest or detain the person. If an officer attempts to *unlawfully* arrest or detain a person who is lawfully exercising his first amendment rights by protesting or speaking in public, and the person intentionally flees from the officer, the person could not be convicted of evading arrest or detention under Section 38.04(a) because the State could not prove that the arrest or detention was lawful. Appellant's overbreadth challenge to Section 38.04(a) is without merit.

*Vagueness Challenge*

We turn now to Appellant's assertion that the statute is unduly vague. Because Section 38.04(a) does not implicate constitutionally protected conduct, we will sustain Appellant's vagueness challenge only if the statute is impermissibly vague in all of its applications. *Village of Hoffman Estates*, 455 U.S. at 494-95, 102 S.Ct. at 1191. A person who engaged in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. *Id.*, 455 U.S. at 495, 102 S.Ct. at 1191. Thus, a court should first examine the complainant's conduct before analyzing other hypothetical applications of the law. *Id.*

It was Appellant's burden to show that Section 38.04(a) was unduly vague as applied to his own conduct, but he presented no evidence at the hearing and the record is silent with regard to the specific facts involved in his prosecution for evading arrest or detention. Based on Appellant's plea of guilty, the established facts are that Appellant intentionally fled from Chad Hermes, a peace officer who was attempting to lawfully arrest or detain him, and Appellant knew that Hermes was a peace officer attempting to lawfully arrest or detain him.

A statute may be challenged as unduly vague, in violation of the Due Process Clause of

the Fourteenth Amendment, if it does not: (1) give a person of ordinary intelligence a reasonable opportunity to know what is prohibited and (2) establish definite guidelines for law enforcement. *Scott*, 322 S.W.3d at 665 n.2, *citing Bynum v. State*, 767 S.W.2d 769, 773 (Tex.Crim.App. 1989). Appellant argues that Section 38.04(a) requires proof that that the defendant intentionally fled from a peace officer while knowing that the officer is attempting to *lawfully* detain or arrest the defendant. He reasons that the statute is unconstitutionally vague because a citizen is unaware of the facts known to the police and must guess or speculate whether the arrest or detention is actually lawful or not. Appellant's argument is based on a misunderstanding of the statute. Section 38.04(a) requires proof that the defendant knows the peace officer is attempting to arrest or detain him, and it requires proof that the attempted arrest or detention is lawful, but it does not require proof that the defendant knew his arrest or detention was lawful. *See Jackson v. State*, 718 S.W.2d 724, 726 (Tex.Crim.App. 1986); *Hazkell v. State*, 616 S.W.2d 204, 205 (Tex.Crim.App. 1981).

Appellant next argues that the statute is unconstitutionally vague because the terms "detain," "lawful," and "flee" are undefined. A statute is not unconstitutionally vague simply because its terms are not specifically defined. *Tanner v. State*, 838 S.W.2d 302, 304 (Tex.App.-- El Paso 1992, no pet.), *citing Engelking v. State*, 750 S.W.2d 213, 215 (Tex.Crim.App. 1988). A statute may be given constitutional clarity by applying standard rules of statutory construction. *Id.* In construing statutory language, we always begin with the literal text, reading it in context and construing it according to the rules of grammar and common usage. *Baird v. State*, 398 S.W.3d 220, 228 (Tex.Crim.App. 2013); *see* TEX.GOV'T CODE ANN. § 311.011(a)(West 2013)("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). We assume that every word was meant to serve a discrete

purpose that should be given effect. *Baird*, 398 S.W.3d at 228. If a word does not have a technical meaning or has not been defined in the statute, we may also consult standard dictionaries to determine the common usage of a word. *Id.* If a word or phrase has acquired a technical or particular meaning, whether by legislative definition or otherwise, it must be construed accordingly. TEX.GOV'T CODE ANN. § 311.011(b).

Appellant claims that because the words "detain" and "lawful" are undefined, the statute is vague because it could be construed as permitting a detention which falls short of the *Terry* standard for temporary detentions.[2] Appellant cites no authority in support of his argument. Section 38.04(a) requires proof that the officer was attempting to lawfully detain the subject. While the term "detain" is not defined by the Penal Code, it is a term which has acquired a technical or particular meaning in the context of a law enforcement officer's seizure of a person under the Fourth Amendment. *See* TEX.GOV'T CODE ANN. § 311.011(b). Thus, the statute must be construed in light of the technical meaning this term has acquired such that the term "detain" means a temporary or investigative detention under the Fourth Amendment. Likewise, the term "lawful" is undefined but when read together with the rest of the statute and the technical meaning of "detain", it is apparent that the Legislature intended to prohibit a person's flight from a peace officer who was attempting to lawfully conduct an investigative or temporary detention of the defendant.

Appellant also maintains that Section 38.04(a) is vague because the term "flee" is undefined. He asserts that a person could be prosecuted for evading detention for merely refusing to acquiesce to the officer's request to stop and talk with the officer. We understand Appellant to say that a person is subject to prosecution under Section 38.04(a) for merely walking away from a consensual encounter with a police officer which falls short of a detention

---

[2] *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968).

under the Fourth Amendment. Appellant's interpretation of Section 38.04(a) is contrary to the plain language of the statute and well-established Fourth Amendment law. Generally speaking, there are three distinct types of interactions between police and citizens: (1) consensual encounters, which require no objective justification; (2) investigatory detentions, which require reasonable suspicion; and (3) arrests, which require probable cause. *State v. Castleberry*, 332 S.W.3d 460, 466 (Tex.Crim.App. 2011). With respect to consensual encounters, a law enforcement officer is just as free as anyone to stop and question a fellow citizen, and the citizen is free to terminate the encounter at any time. *Id*. A person is subject to prosecution under Section 38.04(a) only when there is proof that he intentionally fled from a person he knows is a peace officer attempting to lawfully arrest or detain him. We conclude that Section 38.04(a), when applied to the conduct of Appellant as established by his plea of guilty to the information, is not unconstitutionally vague. Consequently, it is unnecessary for us to analyze other hypothetical applications of the law to determine if the statute is unduly vague. Having determined that Section 38.04(a) is not unconstitutionally overbroad or vague, we overrule Issue One.

### FEES OF COURT-APPOINTED COUNSEL

In his second issue, Appellant contends that the trial court erred by requiring him to pay the costs of court-appointed counsel because he is indigent.[3] The State responds that the judgment does not require Appellant to pay the fees of court-appointed counsel.

Article 26.05 of the Code of Criminal Procedure governs compensation of counsel appointed to represent an indigent criminal defendant. TEX.CODE CRIM.PROC.ANN. art. 26.05 (West Supp. 2014). All payments made under Article 26.05 are paid from the general fund of

---

[3] Appellant raises two arguments regarding attorney's fees designated as "d" and "e." For convenience, we will refer to these arguments as Issue Two.

the county in which the prosecution was instituted and may be included as costs of court. TEX.CODE CRIM.PROC.ANN. art. 26.05(f). If the trial court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs, the amount that it finds the defendant is able to pay. TEX.CODE CRIM.PROC.ANN. art. 26.05(g).

The judgment includes the following recitations:

It is further ORDERED that the amount paid to the defendant's appointed counsel is taxed against the defendant as costs, in an amount determined by the Court as well as a one $25.00 Time Payment Fee, if applicable. To correct a costs bill, the County Clerk is granted leave to amend it without further written order that any proper but omitted amount is due, even in cases where costs have been previously paid.

The judgment reflects that court costs were in the total amount of $282. During the guilty plea, the trial court expressly waived any requirement that Appellant pay the court-appointed attorney's fees. This determination is also reflected on the court's docket sheet with the handwritten notation: "Ct waives ct apted attys fees". Given that the trial court determined that Appellant would not be required to pay any portion of his court-appointed attorney's fees, the judgment cannot be construed as requiring him to pay. We overrule Issue Two and affirm the judgment of the trial court.

October 1, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
(Rivera, J., not participating)

(Do Not Publish)